(77 Misc. Rep. 211.)

### CODDINGTON et al. v. HARBURGER, Sheriff.

(City Court of New York, Special Term.   June, 1912.)

1. Costs (§ 153*)—Items—Motions.
   On a motion, under Code Civ. Proc. § 1711, to substitute as a party defendant in place of the sheriff the obligor in an undertaking, given under section 1709, to indemnify the sheriff under the claim of a third person, the courts may allow motion costs allowed by sections 3236, 3251.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 592–595; Dec. Dig. § 153.*]

2. Costs (§ 3*)—Nature of Right—Statutory Provisions.
   Costs are creatures of the statute, and where no express provision of law is made therefor, the court is absolutely without power to award them.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1, 4, 5; Dec. Dig. § 3.*]

3. Sheriffs and Constables (§ 143*)—Action Against Sheriff and Indemnitors—Costs.
   Code Civ. Proc. § 1423, providing that, on granting an order for the substitution of an indemnitor for sheriff as party defendant, the courts may require the indemnitors to pay the reasonable expenses of the sheriff necessarily incurred before the order is granted, does not authorize an allowance to the sheriff, whose counsel is a salaried officer of the county.
   [Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 317; Dec. Dig. § 143.*]

Action by Susan C. Coddington and another against Julius Harburger, as Sheriff of the County of New York.   On motion to substitute as a party defendant, in place of the sheriff, the obligor in an undertaking given under Code Civ. Proc. § 1709.   Motion granted.

Fowler & Lesser, of New York City, for plaintiffs.
Merrill, Von Dorn & Rubinger, of New York City, for National Surety Co.
Emanuel J. Blumenstiel, of New York City, for sheriff.

GREEN, J.   This is a motion to substitute as a party defendant, in place of the sheriff, the obligor in an undertaking given under section 1709 of the Code to indemnify the sheriff under the claim of a third person.

[1] The surety is entitled to be substituted under section 1711 of the Code of Civil Procedure, and all parties consent to the substitution; the only question presented being as to a demand for costs or expenses, made by the sheriff through his counsel, to which objection is made by the moving proposed substituted defendant.   Section 1711 of the Code provides that the sureties are entitled to be substituted as defendants in an action as if the chattel had been levied upon by virtue of an execution.   Section 1422 applies to such character of proceedings, and section 1423 of the Code provides:

"Upon granting the order the court may, in its discretion, require the indemnitors to furnish additional security to the plaintiff and to pay the reasonable expenses of the defendant, necessarily incurred before the order is

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

granted, or may impose such other terms for the security of either of the original parties as justice requires."

It is under this last section that the sheriff's counsel insists he is entitled to terms for granting the motion.

[2] Costs are creatures of the statute, and where no express provision of law is made for awarding costs the court is absolutely without power to award them. I find no provision of law authorizing the court to award costs to the sheriff upon a motion of the character now before me, and the only provision having any bearing upon the question is section 3236, which provides:

"Costs upon a motion in an action, where the costs thereof are not specially regulated in this act  *  *  *  may be awarded, either absolutely or to abide the event of the action, or of the reference, to any party, in the discretion of the court or judge."

This, of course, refers to motion costs, which under section 3251, subd. 3, of the Code, cannot exceed $10.

Counsel for the defendant sheriff has argued that precedent has established the rule that taxable costs to date be awarded to the sheriff upon motions such as the one before the court, but precedent is no justification for violation of the law. I am referred to the case of Newhorn v. Bowe, 5 Month. Law Bul. 39, for authority upon the question at bar, and in that case the motion was granted upon condition that the sheriff be paid the cost of the action up to the time of the substitution, and, while I have the greatest regard for the learning and ability of the jurist who wrote that memorandum, I cannot follow it in view of the plain reading of the provisions of the Code. I have examined and followed the case cited, and I find that it has never been cited, criticised, nor referred to since its publication.

[3] The only remaining question is whether, under section 1423 of the Code, supra, permitting the substitution and permitting that the "reasonable expenses of the defendant necessarily incurred before the order is granted" may be awarded, is sufficient warrant to award to the sheriff more than $10 motion costs, in the discretion of the court, as provided by section 3251, subd. 3, of the Code. There is nothing in the affidavits presented in this case showing any "expenses" incurred by the defendant sheriff. He has appeared by counsel, it is true, but his counsel is a salaried officer, whose services are paid for by the county, and I am unable, therefore, to discover any "reasonable expenses" which justify an award as such to the defendant sheriff. It is true these motions have been granted in the past, and awards to the sheriff have been made; but, the matter having been squarely presented by counsel, the matter must be decided according to law, as I find it to be.

In view of the facts involved, the statutes affecting the same, the motion for substituting the defendant indemnitor in lieu of the sheriff is granted, with $10 costs to the sheriff under section 3251 of the Code.

Motion granted, with $10 costs to sheriff.